**JOHN L. BURRIS ESQ., SBN 69888**
**BEN NISENBAUM ESQ., SBN 222173**
**JAMES COOK ESQ., SBN 300212**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
ben.nisenbaum@johnburrislaw.com
james.cook@johnburrislaw.com

Attorneys for Plaintiff
TIMOTHY MCCARTHY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MCCARTHY III, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF CONTRA COSTA, a municipal corporation; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. On or around October 22, 2015, Plaintiff Timothy McCarthy III was violently beaten by an inmate at Martinez Detention Facility after unidentified Defendant Contra Costa Sheriff Deputies placed the inmate in Plaintiff's cell with knowledge that said inmate planned to seriously harm Plaintiff.

2. This action seeks compensatory damages from Defendants for violating 42 U.S.C §

COMPLAINT FOR DAMAGES - 1

1983, the Fourteenth Amendment, and California state law in connection with the violent beating of Plaintiff McCarhty, who was seriously injured as a result of the negligence of the Contra Costa County Sheriff's Department.

## JURISDICTION

3.     This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a). The unlawful acts and practices alleged herein occurred in Contra Costa County, California, which is within the judicial district of this Court.  This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. Section 1367.

## PARTIES

4.     Plaintiff TIMOTHY MCCARTHY III ("McCarthy") is a resident of California and a United States Citizen.

5.     Defendant COUNTY OF CONTRA COSTA ("County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Contra Costa County Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of DOES Defendants, individually and as peace officers.

6.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

7.     Plaintiff is required to comply with an administrative tort claim requirement under California law.  Plaintiff has exhausted all administrative remedies pursuant to California

Government Code Section 910.  Plaintiff filed a claim against the County of Contra Costa on April 22, 2016. The claim was rejected by the County of Contra Costa on May 24, 2016.

## FACTUAL ALLEGATIONS

8. On or around October 22, 2015, Plaintiff, Timothy McCarthy, was being processed into Martinez Detention Facility located at 1000 Ward St. in Martinez, CA 94553. At the time, Plaintiff McCarthy alerted the staff that his life was in danger because of another inmate that was present at the jail.

9. Plaintiff McCarthy informed the unidentified Defendant Contra Costa County Sheriff's Deputies that on or around October 21, 2015, he testified against an individual he knew as "Cornfed." Plaintiff McCarthy testified in relation to an incident where he had been assaulted by the individual a few weeks prior. As a result of that incident, Plaintiff McCarthy suffered a fractured orbital eye socket. As a consequence of Plaintiff McCarthy's testimony on or around October 21, 2015, the individual was sent to Martinez Detention Facility. Given such information, the Defendant Contra Costa County Sheriff's Deputies transferred Plaintiff McCarthy to West County Jail in Richmond, California. However, without regard, the next morning, Plaintiff McCarthy was transported back to Martinez Detention Facility. Plaintiff McCarthy was then placed in a holding cell with approximately thirty other inmates. Plaintiff McCarthy entered the cell and found an empty cot to lie down on. Shortly thereafter, Plaintiff McCarthy fell asleep. While Plaintiff McCarthy was asleep, the same individual he testified against, "Cornfed", was in the same cell he was in and viciously beat him, causing severe bleeding and serious injuries including a fractured cheekbone in his face and a broken nose.

10. Further, Plaintiff McCarhty was denied medical treatment at the Martinez Detention Facility due to his HIV positive status. Plaintiff McCarthy was released from Martinez Detention Facility on or around October 23, 2015. Upon his release from Martinez Detention Facility, Plaintiff McCarthy called the detective who worked on the case that Plaintiff McCarthy testified in. The detective obtained information through Martinez Detention Facility that the individual Plaintiff McCarthy had testified against had been found in the holding cell with bloody knuckles. On information and belief, the individual that assaulted Plaintiff McCarthy was "Cornfed."  Plaintiff

alleges defendants were on notice of the extreme threat posed to Plaintiff by "Cornfed", and in spite of that notice not only placed Plaintiff and "Cornfed" in the same cell, but also failed to reasonably supervise the cell to prevent the predictable and anticipated harm caused by "Cornfed" to Plaintiff.

11. As a result of the incident, Plaintiff McCarthy suffered a fractured cheekbone as well as a broken nose. Plaintiff McCarhty also suffers from emotional distress as a consequence of the incident.

12. The actions and omissions of County and the Defendant Contra Costa County Sheriff's deputies was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of County and/or other jurisdictions.  County was also responsible for Plaintiff's injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

## DAMAGES

13. As a consequence of Defendants' negligence and violations under 42 U.S.C. §1983, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of Defendants' conduct.

14. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**
**(Violation of the 14th Amendment of the United States Constitution: Deliberate Indifference to Plaintiff's Health and Safety)**
**(42 U.S.C. § 1983)**
**(Plaintiff McCarthy against Defendants DOES 1-25)**

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 of this Complaint.

16.     Defendants' above-described conduct violated Plaintiff's rights as provided for under the Fourteenth Amendment to the United States Constitution. Defendants' were on notice that harm was almost certain to occur to Plaintiff McCarthy by placing him in a cell with an inmate that was intent on causing him harm. In spite of such notice, Defendants' recklessly and/or intentionally failed to supervise the cell.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(*Monell* - 42 U.S.C. § 1983)**
**(Plaintiff McCarthy against Defendants County and DOES 26-50)**

17.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 of this Complaint.

18.     Plaintiff is informed and believes and thereon alleges that high-ranking County officials, including high-ranking police supervisors such as DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the systemic misconduct of the Contra Costa County Sheriff's Department.

19.     Despite having such notice, Plaintiff is informed and believe and thereon allege that Defendant DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct by said sheriff deputies.

20.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25 and/or each of them, the Contra Costa County Sheriff's Department encouraged these deputies to continue their course of misconduct and ignored these deputies' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.  More specifically, Plaintiff alleges Defendant COUNTY and DOES 26-50 were on notice that they had a practice, custom or policy of placing inmates in the same cell, where one inmate was known of being a serious threat of harm to the other, and failing to reasonably supervise that cell under those circumstances.

21.     Plaintiff further allege that Defendant DOES 26-50, and/or each of them, were on notice of the defects in their training of County sheriff's deputies.

22. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking County officials, including high ranking County Sheriff Department supervisors DOES 26-50, and DOES 1-25, and each of them resulted in the deprivation of Plaintiff's rights including the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Negligence)
### (Plaintiff McCarthy against Defendants DOES 1-50)

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants.

24. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant County. As such Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to section 815.2 of the California Government Code.

25. Defendants' negligently and without due care placed an inmate in Plaintiff McCarthy's cell with knowledge that the inmate planned to harm Plaintiff. Plaintiff was seriously injured as a proximate and direct cause of the Defendants' negligent conduct.

26. The placing of the inmate in Plaintiff's cell occurred as a result of the absence of due care for the wellbeing of Plaintiff and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Plaintiff McCarthy against Defendants DOES 1-25)

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint.

28. Defendants' above-described conduct was extreme, unreasonable and outrageous. Defendants' placed Plaintiff in a cell with an inmate that was intent on harming him.

29. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

30. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 25 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated:  November 23, 2016

         /s/ John L. Burris
John L. Burris Esq.,
Attorney for Plaintiff