IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY MCCARTHY, III,

    Plaintiff,

  v.

SCOTT GEIST, individually and in his capacity as a Deputy Sheriff for the Contra Costa County Sheriff's Department; SCOTT REED, individually and in his capacity as a Deputy Sheriff for the Contra Costa County Sheriff's Department; RYAN MONTOYA, individually and in his capacity as a Deputy Sheriff for the Contra Costa County Sheriff's Department; ANTHONY SOUZA, individually and in his capacity as a Sergeant for the Contra Costa County Sheriff's Department; WADE BUTLER, individually and in his capacity as a Deputy Sheriff for the Contra Costa County Sheriff's Department; SEAN OTTERSTEDT, individually and in his capacity as a Deputy Sheriff for the Contra Costa County Sheriff's Department; and DOES 1–50, inclusive, individually, jointly and severally,

    Defendants.

No. C 16-06782 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

In this Section 1983 action, plaintiff asserts a failure-to-protect claim stemming from injuries he suffered at the hands of another inmate while in custody as a pre-trial detainee. Defendants move to dismiss for failure to state a claim for relief. For the reasons herein, the motion is **GRANTED IN PART AND DENIED IN PART.**

**STATEMENT**

The following is taken from the well-pled allegations of the complaint (Dkt. No. 24). At the time of the alleged incident, all defendants were either deputies or sergeants with the Contra Costa County Sheriff's Department (*id.* ¶¶ 5–10). In his complaint, plaintiff Timothy McCarthy, III, alleges that upon being processed into the Martinez Detention Facility as a pretrial detainee, he disclosed to Deputy Ryan Montoya that the day before he had testified against an inmate also being held at that facility, Aaron Hacker, about an alleged assault which left plaintiff with a fractured orbital eye socket (*id*. ¶¶ 13–14). Plaintiff told Deputy Montoya that his life would be in danger if he was housed in the same facility with Hacker (*id.* ¶ 13). After being made aware of this situation, the deputies transferred plaintiff to West County Jail in Richmond where he would be protected from Hacker (*id.* ¶ 15). The next morning, however, plaintiff was transported back to the Martinez facility, where he was placed in a holding cell containing thirty or so other inmates, including Hacker (*id.* ¶ 16). Plaintiff found an empty cot to lie down, and fell asleep. (*ibid.*). When he gained consciousness, his face was severely battered and bloodied, having been beaten by Hacker (*ibid.*).

Plaintiff filed a complaint against defendants, individually and in their official capacity, for: (1) violation of Section 1983; (2) negligence; and (3) intentional infliction of emotional distress (Dkt. No. 24 at 2). Defendants responded with a motion to dismiss the first claim (Dkt. No. 28). This order follows full briefing and oral argument.

**ANALYSIS**

**1. LEGAL STANDARD.**

To survive a motion to dismiss, plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the party asserting it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, a court may generally consider only allegations in the pleadings, attached exhibits, and matters properly subject to judicial notice. The court accepts well-pled factual allegations in the

complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008). Conclusory allegations or "formulaic recitation of the elements" of a claim, however, are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 681.

### 2. SECTION 1983 CLAIM.

Plaintiff's sole federal claim is under Section 1983, which provides that "[e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." Because plaintiff was a pretrial detainee at the time of the alleged incident, his right to personal security was protected by the due process clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016). Specifically, plaintiff alleges that the deputies and sergeant violated his Fourteenth Amendment rights by failing to protect him from Hacker. In order to succeed in his claim, plaintiff must show that defendants acted with "deliberate indifference." *Id.* at 1068.

To find an individual deliberately indifferent under the Fourteenth Amendment requires four necessary elements: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at a substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved — making the consequences of the defendant's conduct obvious; (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Castro*, 833 F.3d at 1071.

*Castro* involved a district court's denial of a motion for summary judgment under Rule 56. Summary judgment is granted to the moving party if discovery shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). We are not,

3

however, yet at the summary judgment stage. In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts, taken as true, to show that he is plausibly entitled to relief. *See Twombly*, 550 U.S. at 556–57. Where, as here, the plaintiff cannot be expected to know all the details of who did what, we must ask whether discovery will plausibly supply the elements plaintiff lacks.

*First*, plaintiff's allegations against Deputies Scott Geist and Scott Reed entitle him to proceed to discovery, as they raise a right to relief above the speculative level. *See Twombly*, 550 U.S. 544 at 555–56. Specifically, plaintiff alleges that these deputies were "on duty and responsible for supervising the inmates at the facility," and that they "had knowledge that Hacker planned to harm Plaintiff" but "failed to monitor Plaintiff and [] Hacker" (Dkt. No. 24 ¶ 17). At this stage, plaintiff has pled everything he possibly could, and his claim of deliberate indifference is plausible on its face. Plaintiff has identified the individual deputies who supervised the holding cell in which he and Hacker were placed, alleged their knowledge of the risk this created, as well as their apparent failure to protect him from being beaten by Hacker — beaten so thoroughly that "his face was severely battered and bloodied," his cheekbone fractured and his nose broken (*id.* ¶¶ 16, 18). These factual allegations support each element of his deliberate indifference claim. Therefore, plaintiff has met his burden under Rule 12(b)(6) by alleging facts which, accepted as true, show that plaintiff is entitled to relief. *See Twombly*, 550 U.S. at 555–56.

*Second*, plaintiff has failed to plausibly allege that Deputies Wade Butler, Sean Otterstedt, Ryan Montoya, and Sergeant Anthony Souza were in any way responsible for his injuries. "Liability under [Section] 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). With respect to three of these defendants, plaintiff merely alleges that at the time he was being processed at the Martinez Detention facility, "Defendants Souza, Butler, and Otterstedt became aware of Plaintiff's concerns about [] Hacker's presence at the facility" (Dkt. No. 24 ¶ 13). Allegations against Deputy Montoya are more detailed, but suffer the same crucial defect. Taking plaintiff's allegations as true, Deputy Montoya was involved in the decision to transfer plaintiff to

4

Richmond based on plaintiff's fear of Hacker (*id*. ¶¶ 13–15). However, plaintiff has not alleged that Deputy Montoya was involved in either: (1) plaintiff's return to the Martinez Detention Facility; (2) the decision to place plaintiff in the cell with Hacker; or (3) supervising the cell, which is the basis for his Section 1983 claim (*id*. ¶ 22). Plaintiff has alleged insufficient facts to hold the deputies and sergeant liable. Therefore, this order dismisses plaintiff's claim with respect to Deputies Butler, Otterstedt, Montoya, and Sergeant Souza.

Plaintiff brought the Section 1983 claim against the above-captioned defendants individually, and in their official capacities. "But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Under *Monell*, municipal entities are subject to liability under Section 1983 as "persons." *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Plaintiff's *Monell* claim against the County of Contra Costa was dismissed, which plaintiff did not oppose (Dkt. Nos. 17, 18). In his first amended complaint, plaintiff did not make any factual allegations which would support a cause of action against a municipality under *Monell*, particularly with respect to any existing policy, practice, or custom within the detention facility. Therefore, the claims against defendants in their official capacity are dismissed.

### 3. STATE LAW CAUSES OF ACTION.

Plaintiff's remaining causes of action arise under state law. Under 28 U.S.C. 1367(a), a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the Constitution of the United States." However, a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). Given that plaintiff has met his burden with respect to his sole federal claim against two defendants, supplemental jurisdiction shall be exercised for now over his state causes of action against Deputies Geist and Reed. State law causes of action against the remaining deputies and sergeant are dismissed.

5

**CONCLUSION**

Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART.** The claims against Deputies Butler, Otterstedt, Montoya, and Sergeant Souza are **DISMISSED WITHOUT PREJUDICE**. Otherwise, permissible discovery may yet supply grounds for adding one or more of these deputies back into the case and defense counsel shall not resist discovery merely because it bears on that question. The motion to dismiss the claim against Deputies Geist and Reed is **DENIED.**

**IT IS SO ORDERED.**

Dated: September 22, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE